18-3651-pr
*Bloodywone v. Bellnier*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

ZHORDRACK BLOODYWONE, AKA ZHORDRACK BLODYWON,

          *Plaintiff-Appellant,*                    18-3651-pr

              v.

JOSEPH BELLNIER, ANTHONY J. ANNUCCI, CHRISTOPHER MILLER, P. MELECIO, MATTHEW THOMS, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,

          *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**            Zhordrack, Bloodywone, *pro se*, Alden,
                                        NY.

**FOR DEFENDANTS:**                     No appearance.

Appeal from an October 17, 2018 judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Zhordrack Bloodywone ("Bloodywone"), *pro se*, sued prison officials under 42 U.S.C. § 1983, alleging that he was beaten by a "gang" of corrections officers, starved, isolated, and denied visitation. The District Court dismissed the complaint *sua sponte* as frivolous, reasoning in relevant part that Bloodywone failed to allege that any of the named defendants had been personally involved in the beating. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the *sua sponte* dismissal of a complaint *de novo. McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). *Pro se* submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

"[I]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (internal quotation marks omitted). "The liability of a supervisor under § 1983 can be shown in one or more of the following ways: (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003). A prison official's position within the prison hierarchy is insufficient to establish the official's personal involvement in the alleged constitutional deprivation. *See Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995).

The District Court properly dismissed Bloodywone's complaint. Bloodywone did not allege that any of the defendants had participated directly in the assault or ordered that he be starved, isolated, and denied visitation. Nor did Bloodywone allege that the defendants were informed of the corrections officers' actions, that the defendants created policies authorizing these acts, or that the defendants negligently supervised the correctional officers who assaulted him. Finally, the defendants' positions within the New York State Department of Corrections and Community Supervision are alone insufficient to demonstrate personal involvement in the alleged constitutional deprivations. Accordingly, Bloodywone has failed to allege the defendants' personal involvement in the constitutional deprivations.

## CONCLUSION

We have reviewed all of the remaining arguments raised by Bloodywone on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 17, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk